## BROWN v. UNITED STATES.
### No. 867.

United States District Court
S. D. Missouri, W. D.

Jan. 8, 1952.

Lincoln, Lincoln, Whitlock & Haseltine,
Springfield, Mo., by Turner White III,
Springfield, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This case was submitted upon a stipulation of facts. The plaintiff is a beneficiary of an insurance policy issued to a former service man, now deceased, as provided by the National Service Life Insurance Act of 1940, and as subsequently amended, 38 U.S.C.A. § 801 et seq.

The insured was inducted into the military service of the United States on August 11, 1943, and was discharged for disability on July 28, 1944. A policy was issued under date of September 3, 1943, in the sum of $10,000, and either then or shortly thereafter the plaintiff became the beneficiary.

The policy lapsed for non-payment of premiums on September 3, 1944. On December 1, 1946, the insured made application for reinstatement of his policy, the same having lapsed more than two years before for non-payment of premiums. On his application for reinstatement, the question was asked: "Are you now in as good health as you were on the due date of the first premium in default?" The answer was, "Yes." Another inquiry was made: "Have you been ill or contracted any disease or suffered any injury, or been prevented by reason of ill health, from attending your usual occupation, or consulted a physician, surgeon, or other practitioner for advice or treatment at home, hospital, or elsewhere, in regard to your health since lapse of this insurance?" The answer was, "No."

It is agreed in the stipulation of facts that the insured had been repeatedly in hospitals for the purpose of treatment and that at the time of this answer he had been adjudged by the Veterans' Administration as totally disabled. It is the contention of the plaintiff that the condition of the plaintiff was well known to the defendant and that, therefore, the defendant is estopped "to assert any fraud or misrepresentation in the procurement of the said policy."

The above contentions will be noticed and discussed.

■ 1. It is the law that an estoppel may not be invoked against the government in its sovereign capacity. It may be doubted, however, if it was so acting in this case. Estoppels are odious. They are little favored in the law where the public is involved even though it may involve activities of the government aside from its sovereign capacity, or, rather, in its proprietary capacity.

■ 2. An examination of the statutes discloses that the Administrator of Veterans' Affairs, " * * * under the direction of the President, shall have the control, direction, and management *of the various agencies and activities enumerated in and referred to in section 11 of this title"*. (Emphasis mine.) Title 38, Section 11a. That means that he has various and sundry agencies and activities working under him, and by section 11 he is clothed with power as follows: "(b) Under the direction of the President the Administrator of Veterans' Affairs shall have the power, by order or regulation, to consolidate, eliminate, or redistribute the functions of the bureaus, agencies, offices, or activities in the Veterans' Administration and to create new ones therein, and, by rules and regulations not inconsistent with law, shall fix the functions thereof and the duties and powers of their respective executive heads."

It will be observed from the foregoing that the President and the Administrator may not only separate the activities and agencies but that they may provide "executive heads" for each separate bureau or agency, and "shall fix the functions thereof and the duties and powers of their respective executive heads."

It is the law that: "All the officers of the government, from the highest to the lowest, are but agents with delegated powers, *who must act within legally prescribed limitations, otherwise their acts do not bind the principal,* (emphasis mine) and one dealing with the government is chargeable with notice of statutory limitations placed on the powers of public officers, and

134

takes the risk of their acting within their powers." 65 C.J., p. 1276, Section 38.

 3. The Administrator is clothed by another section of the law with power to prescribe by regulation the methods of premium payments on soldier's life insurance and to prescribe by regulation conditions upon which lapsed policies may be reinstated. These regulations have the force and effect of law and are in no wise inconsistent with statutory enactments.

It is specifically provided, C.F.R. 38, by Regulations No. 10.3422 to 10.3424, inclusive, that National Service Life Insurance may be reinstated upon conditions. These conditions are that the applicant, as in this case, for the purpose of reinstatement, "must furnish evidence of insurability at the time of application satisfactory to the Administrator of Veterans' Affairs and upon such forms as the said Administrator shall prescribe or otherwise as he shall require.".

And then it is significantly provided: "Applicant's own statement of comparative health may be accepted as proof of insurability for the purpose of reinstatement under Section 10.3423(a), * * *."

In this instance the Administrator accepted the statement of the insured as "proof of insurability." Such statement was not in accord with the facts. The insured undoubtedly knew that, for the reason he was at the time in the hospital under treatment and had repeatedly been in the hospital, and moreover he had been adjudged at his instance, totally disabled.

The conditions of the reinstatement were as provided by paragraph (a) of said Regulation 10.3423, that: " * * * the applicant be in as good health on the date of the application and tender of premiums as he was on the due date of the premium in default." Clearly he was not.

 4. Since this is a sovereign act, or quasi sovereign act, of the government, it could not be prevented by estoppel from asserting the facts and denying liability because of clear and unquestionable misrepresentation. Moreover, by clear language, the various activities of the Veterans' Administration were placed under different executive heads. Each one of these was clothed with different power, functioned its several offices or activities separately, and the particular activity dealing with Insurance would not be concerned in its activities with matters of facts occurring or existing in other activities, such as the Hospitals, unless brought in a proper way to its attention.

 In view of the fact the insured obtained a reinstatement of his policy by misrepresentations that were untrue, and that his physical condition was not such as to enable him lawfully to apply for a reinstatement of his policy, the plaintiff is not entitled to recover and judgment should be and will be for the defendant.

The agreed statement of facts makes it unnecessary to make formal findings of fact, and the foregoing opinion contains appropriate conclusions of law.